UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JON RAPILLO,

                              Plaintiff,

              -against-

VILLAGE OF SAG HARBOR, VILLAGE OF SAG                    16 CV 3728
HARBOR POLICE DEPARTMENT, COUNTY OF                      (LDW)(AKT)
SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE,
SUFFOLK COUNTY POLICE DEPARTMENT, TOWN
OF SOUTHAMPTON, SOUTHAMPTON TOWN POLICE
DEPARTMENT, DEPUTY SHERIFF BRYAN R.
MALDONADO, DEPUTY SHERIFF RICHARD
PEDIGO, SERGEANT ROBERT F. DRAKE, BAY
CONSTABLE DANIELLE McMANUS, IN THEIR
INDIVIDUAL AND PROFESSIONAL CAPACITIES,

                              Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS</u>



                              DEVITT SPELLMAN BARRETT LLP
                              Attorneys for Defendants
                              50 Route 111
                              Smithtown, New York 11787
                              (631) 724-8833

Of Counsel
Joshua S. Shteierman
Kelly E. Wright

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ..................................................................... iii

**PRELIMINARY STATEMENT** ............................................................. 1

**STATEMENT OF FACTS** ...................................................................... 2

    **Conditions Precedent to Suit** ............................................................ 5

    **Officers/Agencies Involved in the Incident** ........................................ 5

**Fed.R.Civ.P. 12(b)(6) MOTION TO DISMISS STANDARD** ................. 6

**POINT I**

    **PLAINTIFF DOES NOT HAVE A VALID FALSE ARREST CLAIM** .................................................................................. 7

**POINT II**

    **PLAINTIFF'S EXCESSIVE FORCE AND BATTERY CLAIMS WARRANT DISMISSAL** ......................................................... 10

**POINT III**

    **PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF HIS RIGHT TO DUE PROCESS** ........................................... 12

**POINT IV**

    **PLAINTIFF'S FAILURE TO INTERVENE CLAIM WARRANTS DISMISSAL** ........................................................ 13

**POINT V**

    **OFFICERS DRAKE AND McMANUS ARE ENTITLED TO QUALIFIED IMMUNITY** .............................................................. 14

**POINT VI**

    **THE "OFFICIAL CAPACITY" CLAIMS AGAINST McMANUS AND DRAKE SHOULD BE DISMISSED** ............................... 15

**POINT VII**

    **ALL CLAIMS AGAINST THE SOUTHAMPTON TOWN POLICE DEPARTMENT AND VILLAGE OF SAG HARBOR POLICE DEPARTMENT WARRANT DISMISSAL**.............................................. 16

**POINT VIII**

    **PLAINTIFF'S CLAIM FOR CONVERSION MUST BE DISMISSED BASED ON HIS FAILURE TO FULFILL A CONDITION PRECEDENT** ...................................................................... 17

**POINT IX**

    **PLAINTIFF'S CAUSE OF ACTION FOR PUNITIVE DAMAGES MUST BE DISMISSED** .......................................................... 19

**POINT X**

    **THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS** ............................................................................ 19

**CONCLUSION** ...................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

AT & T v. N.Y. City Dep't of Human Res.,
   736 F.Supp. 496 (S.D.N.Y. 1990) .................................................................... 18

Austin v. Ford Models, Inc.,
   149 F.3d 148 (2d Cir. 1998) ............................................................................ 7

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................................ 6

Bernheim v. Litt,
   79 F.3d 318 (2d Cir. 1996) .............................................................................. 6

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003) .............................................................................. 7

Brandon v. Holt,
   469 U.S. 464 (1985) ...................................................................................... 16

Broughton v. State of New York,
   37 N.Y.2d 451, 373 N.Y.S.2d 87 (1975),
   *cert. denied* 423 U.S. 929, 46 L.Ed.2d 257 (1975) ...................................... 8

Bryant v. City of New York,
   188 A.D.2d 445 (2d Dept. 1992) .................................................................... 18

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ............................................................................ 7

Chase Group Alliance, LLC v. City of New York Dept of Fin.,
   620 F.3d 146 (2d Cir. 2010) .......................................................................... 12

Chieffet v. New York City Transit Authority,
   10 A.D.3d 526 (1st Dept. 2004) .................................................................... 18

Crisci-Balestra v. Civ. Svc. Employees Union,
   2008 WL 413812 (E.D.N.Y. 2008) .................................................................. 6

Daniels v. Williams,
   474 U.S. 327 (1996) ...................................................................................... 12

Demorcy v. City of New York,
   137 A.D.2d 650 (2d Dept. 1988) ............................................................. 17, 18

Drake v. Lab. Corp. of Am. Holdings,
   2007 WL 776818 (E.D.N.Y. 2007) ...................................................... 19

Drummond v. Castro,
   522 F.Supp.2d 667 (S.D.N.Y. 2007) .................................................... 11

Excelsior Capital LLC v. Allen,
   2012 WL 4471262 (S.D.N.Y. 2012) ..................................................... 19

Graham v. Connor,
   490 U.S. 386 (1989) ............................................................................ 10

Gregory v. Daly,
   243 F.3d 687 (2d Cir. 2001) .................................................................. 7

Hafer v. Melo,
   502 U.S. 21 (1991) .............................................................................. 16

Hall v. City of White Plains,
   185 F.Supp.2d 293 (S.D.N.Y. 2002) .................................................... 16

Hartline v. Gallo,
   546 F.3d 95 (2d Cir. 2008) ................................................................... 14

Herron v. City of New York,
   223 A.D.2d 676 (2d Dept. 1996) .......................................................... 18

Hoyos v. City of New York,
   999 F.Supp.2d 375 (E.D.N.Y. 2013) ...................................................... 9

Hygh v. Jacobs,
   961 F.2d 359 (2d Cir. 1992) ................................................................... 7

Iqbal v. Hasty,
   490 F.3d 143 (2d Cir. 2007) ............................................................. 6, 15

Jean-Laurent v. Wilkinson,
   540 F. Supp.2d 501 (S.D.N.Y. 2008) *aff'd sub nom.*
   Jean-Laurent v. Wilkerson, 461 F. App'x 18 (2d Cir. 2012) ................. 14

Jocks v. Tavernier,
   316 F.3d 128 (2d Cir. 2003) ................................................................... 8

Johnson v. Glick,
   481 F.2d 1028 (2d Cir. 1973) ............................................................... 10

Jones v. Waterbury Police Dep't.,
    2005 WL 1185723 (D.Conn. May 12, 2005) .................................................................. 16-17

Kamholtz v. Yates County,
    2008 WL 5114964 (W.D.N.Y. Dec. 3, 2008) ................................................................ 16

Karmel v. Claiborne, Inc.,
    2002 WL 1561126 (S.D.N.Y. 2002) ............................................................................ 19

Kentucky v. Graham,
    473 U.S. 159 (1985 .................................................................................................... 16

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991) ........................................................................................ 7

Lee v. Sansbery,
    136 F.3d 94 (2d Cir. 1997) .......................................................................................... 9

Leroy v. N.Y.C. Bd. of Elections,
    793 F.Supp.2d 533 (E.D.N.Y. 2011) ........................................................................... 12

Luna v Pico,
    356 F.3d 481 (2d Cir. 2004) ........................................................................................ 14

Lynch v. City of Mount Vernon,
    567 F.Supp.2d 459 (S.D.N.Y. 2008) ........................................................................... 10

Martinez v. Schenectady,
    97 N.Y.2d 78 (2001) ....................................................................................... 7-8, 9, 15

Matthews v. Eldridge,
    424 U.S. 319 (1976) .................................................................................................... 12

McLaurin v. New Rochelle Police Officers,
    373 F.Supp.2d 385 (S.D.N.Y.2005) ..................................................................... 13, 14

McLennon v. City of New York,
    171 F.Supp.3d 69 (E.D.N.Y. 2016) .............................................................................. 8

McMenemy v. City of Rochester,
    241 F.3d 279 (2d Cir. 2001) ........................................................................................ 12

Mollison v. United States,
    481 F.3d 119 (2d Cir. 2007) ........................................................................................ 12

Monell v. Dep't of Social Services of City of N.Y.,
    436 U.S. 658 (1978) ........................................................................................... 16

Moore v. County of Rockland,
    192 A.D.2d 1021 (3d Dept. 1993) ...................................................................... 17

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ................................................................................... 13

Phelps v. Szubinsko,
    577 F.Supp.2d 650 (E.D.N.Y. 2008) .................................................................. 10

Rattner v. Planning Comm'n of Vill. of Pleasantville,
    156 A.D.2d 521 (2d Dept. 1989) ........................................................................ 18

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997) ......................................................................... 13, 14

Rini v. Zwirn,
    886 F.Supp. 270 (E.D.N.Y. 1995) ...................................................................... 16

S.C. v. Monroe Woodbury Cent. Sch. Dist.,
    2012 WL 2940020 (S.D.N.Y. 2012) ................................................................... 12

Schnall v. Marine Midland Bank,
    225 F.3d 263 (2d Cir. 2000) ................................................................................. 7

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) ............................................................................... 7, 8

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002) ................................................................................. 6

Solomon v. Siemens Indus., Inc.,
    8 F.Supp.3d 261, 283–84 (E.D.N.Y. 2014),
    *appeal dismissed* (Jan. 14, 2015) ..................................................................... 19

Steger v. Delta Airlines, Inc.,
    382 F.Supp.2d 382 (E.D.N.Y. 2005) .................................................................... 7

Swift v. Toia,
    450 F.Supp. 983 (S.D.N.Y. 1978) ...................................................................... 15

Taravella v. Town of Wolcott,
    599 F.3d 129 (2d Cir. 2010) ............................................................................... 14

Torres v. New York City Housing Authority,
   261 A.D.2d 273 (1st Dept. 1999) ................................................................... 18

Trombley v. O'Neil,
   929 F.Supp.2d 81 (N.D.N.Y. 2013) ................................................................ 2

U.S. v. International Longshoremen's Ass'n,
   518 F.Supp.2d 422 (E.D.N.Y. 2007) .............................................................. 2

U.S. v. Streifel,
   507 F.Supp. 480 (S.D.N.Y. 1981) ................................................................... 8

Walker v. Time Life Films, Inc.,
   784 F.2d 44, 53 (2d Cir. 1986) ...................................................................... 20

Walker v. U.S. Marshals,
   2009 WL 261527 (E.D.N.Y. Feb. 4, 2009) .................................................. 17

Weyant v. Okst,
   101 F.3d 845 (2d Cir. 1996) ........................................................................... 8

White v. New York City Housing Authority,
   288 A.D.2d 150 (1st Dept. 2001) ................................................................. 18

Yeiser v. GMAC Mortgage Corp.,
   535 F.Supp.2d 413 (S.D.N.Y. 2008) .............................................................. 6

**Other Authorities**

14 U.S.C. § 89 ......................................................................................................... 8

28 U.S.C. § 1367(c)(3) ......................................................................................... 19

42 U.S.C. § 1983 ............................................................................... 7, 10, 13, 16, 17

Fed.R.Evid. 201 ..................................................................................................... 7

Fed.R.Civ.P. 12(b)(6) .......................................................................... 1, 6, 7, 13, 20

N.Y. General Municipal Law § 50-e(5) ............................................................. 19

N.Y. General Municipal Law § 50-e(6) ............................................................. 18

## PRELIMINARY STATEMENT

Plaintiff Jon Rapillo (hereinafter "plaintiff" or "Rapillo") brings the instant action alleging violations of his civil rights case stemming from his arrest while boating in Sag Harbor Cove on August 1, 2015. While in Sag Harbor Cove, Plaintiff's boat was stopped pursuant to the authority of the United States Coast Guard ("USCG"). During this stop, plaintiff's boat was found to have various safety violations, and the plaintiff was suspected to be impaired. Subsequent field sobriety tests confirmed the USCG Officer's and Bay Constable's suspicions.

Despite this, plaintiff alleges that members of the Town of Southampton Police Department, Sag Harbor Police Department, the Suffolk County Sheriff's Office and Suffolk County Police Department violated his 4th and 14th Amendment right to due process and to be free from false arrest, false imprisonment and excessive force. The complaint also asserts pendent state law claims for battery against the Village of Sag Harbor and County of Suffolk and conversion.

As plaintiff's Complaint fails to state any plausible claims for relief, The Town of Southampton, Town of Southampton Police Department and Bay Constable Danielle McManus (hereinafter the Town defendants) and the Village of Sag Harbor, Village of Sag Harbor Police Department and Village Police Sergeant Robert Drake (hereinafter the Village defendants) submit this memorandum of law in support of their motion to dismiss the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

For the purposes of this Rule 12 motion, the following facts are taken from the allegations contained within the plaintiff's Complaint, as well as the documents integral to the complaint and documents of which the Court can take judicial notice of, including plaintiff's arrest documentation and paperwork.[1]

Plaintiff has owned a home in Sag Harbor since May 2003. (See Complaint, dated June 27, 2016, annexed hereto as Exhibit "A", ¶ 36).  He also owns a boat that he keeps at his Sag Harbor home and has had a boater's license for approximately ten years. (Exhibit "A", ¶ 36, 38-39).

As referenced in paragraph 62 of the Complaint, both the Town of Southampton and the Village of Sag Harbor are parties to a multi-jurisdictional agreement to provide joint services to form a Marine Law Enforcement Task Force in the Peconic Estuary and the Townships of East Hampton, Shelter Island, Southampton, Southold and Riverhead, which includes the County of Suffolk and its various agencies, the USCG, and the Incorporated Villages of Quogue, Sag Harbor, East Hampton, Southampton and Westhampton Beach. (Exhibit "B"). The agreement was created to promote boating and water safety and provides that the Task Force will coordinate with the USCG to conduct joint enforcement, rescue, training and exercise operations within the Peconic Estuary and adjacent waters. (Exhibit "B", ¶ 10, 16). Parties to the agreement will notify other members and request such assistance as is necessary; notified members will immediately respond pursuant to the intent of the Agreement. The Task Force member requesting assistance

---

[1] The court may consider the following documents without triggering the summary judgment standard: "(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference into the complaint, (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *See e.g.* U.S. v. International Longshoremen's Ass'n, 518 F.Supp.2d 422 (E.D.N.Y. 2007). Courts can take judicial notice of arrest records. *See e.g.* Trombley v. O'Neil, 929 F.Supp.2d 81 (N.D.N.Y. 2013).

will assume the duties of Incident Commander and will remain in charge of that incident. (Exhibit "B", ¶ 14).

On August 1, 2015, plaintiff was operating his boat in Sag Harbor Cove, which is within the Village of Sag Harbor, Town of Southampton, County of Suffolk. (Exhibit "A", ¶ 41). At or around this time, the Task Force was conducting interagency BWI (boating while intoxicated) checks in Sag Harbor Cove when they came upon Rapillo's vessel. (McManus Supporting Deposition Statement, Exhibit "C"). Specifically, Southampton Bay Constable Danielle McManus and USCG Officer Kamal Thomas, as members of the Task Force, observed plaintiff's vessel. (McManus Supporting Deposition Statement, Exhibit "C"). Pursuant to the authority of the USCG, they stopped plaintiff's vessel to conduct a safety inspection. (Exhibit "C").

USCG Officer Thomas and Southampton Bay Constable McManus boarded Rapillo's boat to conduct an inspection of the vessel. The inspection revealed several safety violations for which the plaintiff was ticketed. (Boarding Report, annexed hereto as Exhibit "D"; Supporting Deposition Statement, Exhibit "C"; Tickets, annexed hereto as Exhibit "E").

During the course of this safety inspection, Bay Constable McManus and USCG Officer Thomas suspected that Rapillo was under the influence of alcohol and/or drugs; accordingly, McManus administered field sobriety testing, which plaintiff failed. (See Offense Investigation Report dated August 1, 2015, Exhibit "F"; Exhibit "C"). Upon this suspicion, USCG Officer Thomas ordered Rapillo to board the Town of Southampton Patrol Boat for further testing. Both Bay Constable McManus and USCG Officer Thomas agreed that plaintiff was unable to successfully complete field sobriety testing. (Exhibit "C"; Exhibit "F"). Rapillo was not able to complete the palm pat and hand coordination tasks assigned. He started without being told,

3

missed the forward step, hand clapping, return steps and end position during the hand coordination tests. (Exhibit "F").

Following administration of the field sobriety tests, Rapillo was transported aboard Southampton Town Marine 4 to the boat dock at Sag Harbor Village. (Exhibit "A", ¶ 43-44; Exhibit "C"). En route to the dock, Bay Constable McManus inquired as to whether the plaintiff had been drinking. The plaintiff responded that he had a drink about 3-4 hours earlier at the beach in Shelter Island, and another drink "a little while later" while anchored in Sag Harbor Cove.  (Exhibit "C").

At the dock, Suffolk County Deputy Maldonado conducted further field sobriety, "ARIDE" testing. Following this additional testing at the dock, Rapillo was placed under arrest by Suffolk County Sheriff Maldonado and transported to the Village of Sag Harbor Police Department, the department closest to the dock, for administration of a breathalyzer test. (Exhibit "C").

Village of Sag Harbor Sergeant Robert Drake reported to the Village Police Department after being asked to assist with administration of a chemical test at approximately 8:27 p.m. (Incident Report, Exhibit "G"). The narrative on the incident report noted that Drake was asked to assist Suffolk County Sheriff Deputy Maldonado in conducting a breathalyzer test for the Joint BWI task force involving Jon Rapillo. (Exhibit "G"). Rapillo passed the breathalyzer examination, registering a .02 blood alcohol content. (Exhibit "G").

After the breathalyzer was administered, the Suffolk County Officers conducted drug recognition testing. (Exhibit "A", ¶ 50-51; Exhibit "G"). Deputy Sheriff Richard Petigo of Suffolk County, who is a New York State Certified Drug Recognition Expert, performed the testing at 9:51 p.m. on August 1, 2015. (Sag Harbor Village Court Offense Report signed by

4

Deputy Sheriff Maldonado, Exhibit "H"). In this report, County Deputy Sheriff Maldonado noted that Rapillo performed poorly on standardized field sobriety testing, was unsteady on his feet, sweaty and disoriented. (Exhibit "H"). Following completion of the DRE testing, Rapillo was transported in the County's custody to Riverhead by processing by Suffolk County Sheriffs Maldonado and Pedigo. (Exhibit "G").

None of the defendants represented by this office were involved in the processing, detention or prosecution of Rapillo thereafter, when plaintiff alleged that he was falsely imprisoned, handcuffed and shackled, placed in a jail cell for over fifteen hours, and given a vomit-covered blanket. (Exhibit "A", ¶ 53-56).

**Conditions Precedent to Suit:**

Plaintiff filed a notice of claim which names both the Southampton and the Sag Harbor defendants as respondents, as well as various agencies and officials with the Town of East Hampton and Suffolk County. (Exhibit "I"). The notice of claim makes claims for assault, battery, false arrest, malicious prosecution, intentional infliction of emotional distress, negligence, personal injury, medical expenses, legal expenses, hospital expenses and emotional distress. Notably, there is no claim made for conversion. (Exhibit "I"). A 50-h municipal hearing was held thereafter on January 7, 2016.

**Officers/Agencies Involved in the Incident:**

The instant Complaint asserts Fourth and Fourteenth Amendment claims against the Village of Sag Harbor, the Town of Southampton and the County of Suffolk. Plaintiff also asserts state law claims of battery against the Village of Sag Harbor and the County of Suffolk and a conversion claim against all three municipalities.

In the Complaint, plaintiff also names the following individuals in both their individual and professional capacities: Bay Constable Danielle McManus, a member of the Southampton Town Police Department at all times relevant to the complaint (Exhibit "A", ¶ 32); Sergeant Robert F. Drake, a member of the Sag Harbor Village Police Department at all times relevant to the complaint (Exhibit "A", ¶ 31) and Suffolk County Deputy Sheriffs Bryan Maldonado and Richard Pedigo (Exhibit "A", ¶ 29-30).

## Fed.R.Civ.P. 12(b)(6) MOTION TO DISMISS STANDARD

A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears that the complaint does not state enough to raise a right to relief above the 'speculative level'". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). The court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). As the court is well aware, its function in deciding a Rule 12(b)(6) motion is not to weigh the evidence, but to determine whether the complaint itself is legally sufficient. Plaintiff must state enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, *supra*; Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007); Crisci-Balestra v. Civ. Svc. Employees Union, 2008 WL 413812 at *2 (E.D.N.Y. 2008).

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a Rule 12 motion to dismiss. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002). The plaintiff's entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Yeiser v. GMAC Mortgage Corp., 535 F.Supp.2d 413 (S.D.N.Y. 2008).

Particularly important in this case is the well established principle that this analysis must not only include the assertions made within the four corners of the complaint, but also those

6

contained in documents attached to the pleadings or incorporated by reference.  Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998); Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). In addition to the language of the complaint, in deciding a Rule 12(b)(6) motion, the court may also consider matters of which judicial notice may be taken under Fed.R.Evid. 201.  Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); Chambers, *supra*.

Documents which are integral to the complaint may be considered by the court in a motion to dismiss.  Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000); Chambers, *supra*, 282 F.3d 152-153.  Where a plaintiff does not attach to the complaint or incorporate by reference a document upon which it relies and which is integral to the complaint, a defendant may introduce that document as part of a motion attacking the pleadings.  Steger v. Delta Airlines, Inc., 382 F.Supp.2d 382 (E.D.N.Y. 2005); Chambers, *supra*, 282 F.3d at 153.

It is submitted that plaintiff's claims are not sufficient to demonstrate that his entitlement to relief is plausible on its face.  Thus, plaintiff's claims herein warrant dismissal.

## POINT I

## PLAINTIFF DOES NOT HAVE A
## VALID FALSE ARREST CLAIM

In order to prove a claim of false arrest or imprisonment pursuant to 42 U.S.C. § 1983, claimant must show: (1) the defendant(s) intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).  The elements under § 1983 and New York state law are substantially the same. Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (*citing* Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)); Martinez v. Schenectady, 97 N.Y.2d 78, 761 N.E.2d 560, 735 N.Y.S.2d 868

(2001); Broughton v. State of New York, 37 N.Y.2d 451, 373 N.Y.S.2d 87 (1975), *cert. denied* 423 U.S. 929, 46 L.Ed.2d 257 (1975).

Confinement is "privileged" if the defendant(s) had probable cause to arrest the plaintiff. Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003). The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). If probable cause existed at the time of the arrest, a plaintiff cannot establish a claim for false arrest. Singer, 63 F.3d at 118–19.  While the defense is normally asserted in an answer, it may nevertheless warrant dismissal on a pre-answer motion to dismiss where probable cause appears on the face of the complaint.  McLennon v. City of New York, 171 F.Supp.3d 69 (E.D.N.Y. 2016).

Here, plaintiff cannot plausibly allege the fourth element of his false arrest/imprisonment claim. Pursuant to 14 U.S.C. § 89, a Coast Guard may make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction. *See* U.S. v. Streifel, 507 F.Supp. 480 (S.D.N.Y. 1981).  For such purposes, commission, warrant and petty officers may at any time go on board of any vessel subject to the jurisdiction, or to the operation of any law of the United States, address equally civilians on board, examine ship's documents and papers, and examine, inspect and search the vessel and use all necessary force to compel compliance. Streifel*, supra*.  The statute further provides, "when from such inquiries, examination, inspection or search it appears that a breach of the laws of the United States rendering a person liable to arrest is being or has been committed, by any person, such person shall be arrested." *Id.*

Therefore, in the case at bar, the initial detainment of the plaintiff was privileged, as it was undertaken under the authority of the USCG and Officer Kamal.  Upon the Coast Guard's

lawful entry onto the plaintiff's vessel, the Coast Guard and Bay Constable McManus observed three safety violations. (Exhibit "C"; Exhibit "D"). Additionally, reasonable suspicion arose as to plaintiff's sobriety, which led the officers to conduct field sobriety tests, all of which were failed by the plaintiff. (Exhibit "C"; Exhibit "F"). At this point the Officers had probable cause to believe that the plaintiff had committed a crime and therefore transported him to the nearest dock. Contrary to the plaintiff's allegations, the Officer's motivation, if any, cannot support a false arrest claim. *See* Lee v. Sansbery, 136 F.3d 94, 103 n. 5 (2d Cir. 1997) (police officer's "motivation to arrest plaintiff is irrelevant to the question of probable cause").

Once Rapillo was removed from the boat and transported to the nearest dock, the County performed additional field sobriety tests, which he also failed, and was thus taken into custody by Suffolk County Sheriff Maldonado. (Exhibit "C"). At all times, the actions of the Town and Village defendants were privileged.

Further, the documents integral to the complaint establish that plaintiff's within arrest was effectuated by the County of Suffolk, not the Town of Southampton or the Village of Sag Harbor.

Even if the Court accepts as true plaintiff's allegation that Village of Sag Harbor Sergeant Drake effectuated the plaintiff's arrest, it was reasonable for him to do as he was relying on the information he obtained from fellow officers. *See* Martinez v. Simonetti, 202 F.3d 625 (2d Cir. 2000) (holding that the decision to detain and criminally charge the plaintiff based on information and allegation of fellow police officers was objectively reasonable and sufficient to defeat plaintiff's false arrest claim); Hoyos v. City of New York, 999 F.Supp.2d 375 (E.D.N.Y. 2013). As such, plaintiff's false arrest claim must be dismissed.

9

**POINT II**

**PLAINTIFF'S EXCESSIVE FORCE AND
BATTERY CLAIMS WARRANT DISMISSAL**

It is well settled that police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* at 396, 109 S.Ct. 1865; Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). In order to sustain a claim for excessive force, the Plaintiff must establish through evidence, that the alleged use of force is objectively sufficiently serious or harmful enough to be actionable and consequently that the amount of force used was more than *de minimus*. Phelps v. Szubinsko, 577 F.Supp.2d 650 (E.D.N.Y. 2008).  To state a claim for state-law assault and battery, plaintiff must show the same elements required for his § 1983 excessive force claim, namely that the force used to effectuate his arrest and during the course of his detention was not reasonable.

Although plaintiff's complaint alleges only state-law "battery" on its face, to the extent that the plaintiff intends to assert a Constitutional excessive use of force claim against the Village and Town Defendants, the Complaint fails to state a claim for such. Specifically, the only allegations with respect to any force used by any officers are that the officers intentionally handcuffed and shackled the Plaintiff's wrists and ankles tightly causing harm and/or damage. These allegations are facially insufficient to state an excessive force claim. *See* Lynch v. City of Mount Vernon, 567 F.Supp.2d 459, 468 (S.D.N.Y. 2008) (citing consensus among Second Circuit Courts that "tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort"). Where, as here, the Plaintiff only alleges unspecific

10

damage to his wrist due to tight handcuffing, such claim fails. *See* <u>Drummond v. Castro</u>, 522 F.Supp.2d 667, 679 (S.D.N.Y. 2007) (dismissing Plaintiff's Complaint where Plaintiff alleged no injury, but only that he was handcuffed too tightly).

Plaintiff alleges that County Sheriff Bryan Maldonado and/or Village Sergeant Drake handcuffed and/or shackled the plaintiff.  (Exhibit "A", ¶ 82-83, 86-87).  Plaintiff, by virtue of this "pleading in the alternative", is apparently unsure of which officer effectuated his arrest; however, this Court can take judicial notice documents integral to the complaint, namely the arrest records for plaintiff, which indicate that the plaintiff was arrested by the County of Suffolk prior to Mr. Rapillo's arrival at Sag Harbor Village Police Department and indeed prior to any Sag Harbor officer becoming involved in the incident. (Exhibit "C"). Furthermore, the arrest records make clear that the plaintiff was transported from Sag Harbor by the County sheriffs and not any Village or Town officer.  (Exhibit "H").

There are absolutely no allegations in the Complaint that any Town of Southampton officer or official handcuffed, shackled or transported plaintiff and as such, this claim must be dismissed as to the Town Defendants. Moreover, as detailed above the Village Defendants herein were also not involved in the handcuffing, shackling or transporting of plaintiff, which are the only opportunities for excessive force alleged in the Complaint.

Notably, Rapillo does not allege that he sustained any permanent physical injuries as a result of the defendants' actions, and does not allege that he treated with any physicians or other medical providers as a result of defendants' actions.  These allegations are patently insufficient to sustain an excessive force claim.

## POINT III

## PLAINTIFF CANNOT STATE A CLAIM FOR
## VIOLATION OF HIS RIGHT TO DUE PROCESS

While not explicitly asserted, plaintiff states that "defendants conduct [to seize his property] was motivated by a desire to take plaintiff's property without due process of law". (Exhibit "A", ¶ 65). Plaintiff does not specify what property he is referring to or what process he was denied to in anyway substantiate a due process violation.

The "essential principle" of procedural due process is that a deprivation of life, liberty, or property be preceded by notice and an opportunity to be heard. McMenemy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001); Matthews v. Eldridge, 424 U.S. 319, 348-49 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Matthews, 424 U.S. at 333. In procedural due process claims, it is not the deprivation of property or liberty that is unconstitutional; it is the deprivation of property or liberty without due process of law without adequate procedures that the Constitution will not permit. See S.C. v. Monroe Woodbury Cent. Sch. Dist., 2012 WL 2940020 at *9 (S.D.N.Y. 2012) citing Daniels v. Williams, 474 U.S. 327 (1996).

Procedural Due Process requires only that the state afford a party threatened with a deprivation of property, a process involving pre-deprivation notice and access to a tribunal in which the merits of the deprivation may be fairly challenged. Chase Group Alliance, LLC v. City of New York Dept of Fin., 620 F.3d 146, 151-52 (2d Cir. 2010); Leroy v. N.Y.C. Bd. of Elections, 793 F.Supp.2d 533, 541 (E.D.N.Y. 2011). Perhaps most importantly here, the Second Circuit has held that the mere issuance of a summons or summonses, without judicial enforcement thereof, does not give rise to any due process concerns. See Mollison v. United States, 481 F.3d 119, 125 (2d Cir. 2007).

12

Here, plaintiff has not alleged what property interest he was deprived of, or what process he was denied. As stated, the plaintiff's initial detainment was privileged, his arrest (made by the County Defendants) was based on probable cause and he was afforded a tribunal by which to challenge his arrest. As such, the Complaint does not state a 14th amendment due process violation.

## POINT IV

## PLAINTIFF'S FAILURE TO INTERVENE<br>CLAIM WARRANTS DISMISSAL

Preliminarily, it should be noted that the plaintiff's counsel indicated during the pre-motion conference for defendants' anticipated 12(b)(6) motion on September 13, 2016 that he did not intend to assert or proceed with a claim for "failure to intervene".[2] Moreover, any claim for failure to intervene, to the extent plaintiff intends to reverse course and assert such a claim, cannot survive Rule 12 dismissal.

Police officers can be held liable under § 1983 for not intervening in a situation where a citizen's constitutional rights are being violated in their presence by other officers. O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). Liability may attach only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene. O'Neill v. Krzeminski, 839 F.2d 9, 11–12 (2d Cir. 1988); McLaurin v. New Rochelle Police Officers, 373 F.Supp.2d 385, 395 (S.D.N.Y.2005) (citing Ricciuti v. New York City Transit Auth., 124 F.3d 123, 129 (2d Cir.1997)). "A police officer cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's 'clearly established statutory or constitutional rights' of

---

[2] In the event that plaintiff opposes this motion to the extent it seeks to dismiss any purported failure to intervene claim, defendants request the opportunity to more fully brief this issue on reply.

13

which a reasonable person would have known." <u>McLaurin</u>, 373 F.Supp.2d at 395 (*quoting* <u>Ricciuti</u>, 124 F.3d at 129); <u>Jean-Laurent v. Wilkinson</u>, 540 F. Supp.2d 501, 512 (S.D.N.Y. 2008) *aff'd sub nom.* <u>Jean-Laurent v. Wilkerson</u>, 461 F. App'x 18 (2d Cir. 2012).

Here, as detailed above, there are no valid claims of excessive force as against any of the defendants which could have necessitated the named officers' intervention. As such, plaintiff's failure to intervene claim fails.

**POINT V**

**OFFICERS DRAKE AND McMANUS ARE<br>ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits.  <u>Hartline v. Gallo</u>, 546 F.3d 95, 102 (2d Cir. 2008). The qualified immunity defense protects an official if it was objectively reasonable for him at the time of the challenged action to believe his acts were lawful. *See* <u>Taravella v. Town of Wolcott</u>, 599 F.3d 129, 134 (2d Cir. 2010).

To establish qualified immunity, the defendants must show either that their conduct did not violate clearly established rights of which a reasonable person would have known, or that it was objectively reasonable to believe that their acts did not violate these clearly established rights. The Second Circuit has held that a right is clearly established if (1) the law is defined with reasonable clarity; (2) the Supreme Court or the Second Circuit has recognized the right; and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful. <u>Luna v Pico</u>, 356 F.3d 481, 490 (2d Cir. 2004).

It is well-settled that state or town officials can only be held personally answerable in damages to plaintiff if they "knew or reasonably should have known that the action they took

14

within the sphere of official responsibility would violate plaintiffs' constitutional rights or if they took action with malicious intention to cause a deprivation of constitutional rights or other injury to the plaintiffs." Swift v. Toia, 450 F.Supp. 983 (S.D.N.Y. 1978).  Here, there is no allegation of plausible fact to suggest that either Officers McManus or Drake knowingly violated a constitutional right of the plaintiff.

The only plausible inference that may be drawn from the facts as set forth in the complaint and the documents attached hereto is that Officers McManus and Drake were employed by the Town of Southampton and the Village of Sag Harbor, respectively, and were acting at all times in their official capacities as police officials. A review of the allegations in the Complaint, the documents which the Court can take judicial notice of and which are integral to the Complaint clearly reveal that the Officers' actions were privileged and based upon probable cause such that they could not be deemed "objectively unreasonable". Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

It is objectively reasonable for Officers to rely on the allegations of other officers when making decision to detain and criminally charge an individual. Martinez, 202 F.3d at 634. Furthermore, it is not unreasonable for police officers to rely on the accounts provided by other officers at the scene. *Id.* at 635. It is clear that these defendants' actions were legally privileged and did not deprive plaintiff of any federally protected right; thus they are entitled to qualified immunity.

**POINT VI**

**THE "OFFICIAL CAPACITY" CLAIMS AGAINST**
**McMANUS AND DRAKE SHOULD BE DISMISSED**

"Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Social Services of City of

15

N.Y., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). A plaintiff who prevails in an official-capacity suit must look to the government entity as the real party in interest. *See* Hafer v. Melo, 502 U.S. 21, 25–27, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991). Where the governmental entity can itself be held liable for damages as a result of its official policy, a suit naming the legislators in their official capacity is redundant. Kentucky v. Graham, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985); Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985) (official capacity claim against public officer is claim against the office held by that person, rather than against the particular individual who occupies that office at the time the claim arose). It is submitted that any claims against Officers McManus and Drake in their official or "professional" capacity must therefore be dismissed. Rini v. Zwirn, 886 F.Supp. 270, 281 (E.D.N.Y. 1995).

## POINT VII

### ALL CLAIMS AGAINST THE SOUTHAMPTON TOWN POLICE DEPARTMENT AND VILLAGE OF SAG HARBOR POLICE DEPARTMENT WARRANT DISMISSAL

A municipal police department is not subject to suit pursuant to 42 U.S.C. § 1983 because it is a sub-unit or agency of the municipal government, which fulfills the municipality's policing function. *See* Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Hall v. City of White Plains, 185 F.Supp.2d 293, 303 (S.D.N.Y. 2002); *see also* Kamholtz v. Yates County, No. 08-CV-6210, 2008 WL 5114964, at *8-9 (W.D.N.Y. Dec. 3, 2008) (dismissing claims against the Yates County Sheriff's Department on the ground that a municipality's police department is not subject to suit because it is considered an administrative unit of the county); Jones v.

Waterbury Police Dep't., No. 3:04CV2137, 2005 WL 1185723, at *2 (D.Conn. May 12, 2005) (dismissing all § 1983 claims against Waterbury Police Department "because a municipal police department is not an independent legal entity").

In the instant matter, the plaintiff asserts claims against the Southampton Town Police Department and the Village of Sag Harbor Police Department, entities that are not amenable to suit under 42 U.S.C. § 1983; accordingly, all claims against the Southampton Town Police Department and the Village of Sag Harbor Police Department must be dismissed. Walker v. U.S. Marshals, 2009 WL 261527, at *2-3 (E.D.N.Y. Feb. 4, 2009).

## POINT VIII

### PLAINTIFF'S CLAIM FOR CONVERSION MUST BE DISMISSED BASED ON HIS FAILURE TO FULFILL A CONDITION PRECEDENT

The plaintiff filed a Notice of Claim regarding the August 1, 2015 incident less than three months following his arrest, on or about October 14, 2015.  In that lengthy and detailed Notice of Claim, Mr. Rapillo named various agencies and officials, including the Town of Southampton, Village of Sag Harbor and the County of Suffolk, as respondents. (Exhibit "I"). The Notice of Claim asserts claims for assault, battery, false arrest, malicious prosecution, intentional infliction of emotional distress, negligence, personal injury, medical expenses, legal expenses, hospital expenses and emotional distress.  Notably, there is no claim made for conversion. (Exhibit "I").

It is well settled that a plaintiff may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one. Moore v. County of Rockland, 192 A.D.2d 1021, 596 N.Y.S.2d 908 (3d Dept. 1993); Demorcy v. City of New York, 137 A.D.2d 650, 524 N.Y.S.2d 742 (2d Dept. 1988). Conversion is not referenced in any way in the notice of claim and moreover is totally different than the claims alleged therein.

17

Moreover, new substantive allegations are not within the purview of General Municipal Law Sec. 50-e(6), governing permissible corrections to a notice of claim. White v. New York City Housing Authority, 288 A.D.2d 150, 734 N.Y.S.2d 11 (1st Dept. 2001); Herron v. City of New York, 223 A.D.2d 676, 637 N.Y.S.2d 438 (2d Dept. 1996); Demorcy v. City of New York, supra. A plaintiff is not permitted to change the theory of causation alleged in the notice of claim. Torres v. New York City Housing Authority, 261 A.D.2d 273, 690 N.Y.S.2d 257 (1st Dept. 1999); see also Chieffet v. New York City Transit Authority, 10 A.D.3d 526, 782 N.Y.S.2d 56 (1st Dept. 2004). It is well established that a theory of liability not mentioned in the notice of claim generally may not be asserted in a subsequent lawsuit. Bryant v. City of New York, 188 A.D.2d 445, 446, 590 N.Y.S.2d 913 (2d Dept. 1992); Demorcy v. City of New York, supra. Notice of claim requirements are construed strictly. AT & T v. N.Y. City Dep't of Human Res., 736 F.Supp. 496 (S.D.N.Y. 1990). The burden is on the plaintiff to demonstrate compliance with notice of claim requirements. Rattner v. Planning Comm'n of Vill. of Pleasantville, 156 A.D.2d 521, 548 N.Y.S.2d 943 (2d Dept. 1989).

The foregoing fundamental principles of law mandate that plaintiff's claim of conversion be dismissed. Mr. Rapillo's notice of claim makes no reference to a conversion. As such, plaintiff has failed to comply with the General Municipal Law as to his alleged conversion claim and therefore, that claim in the federal complaint is subject to immediate dismissal.

Moreover, given the fact that more than a year has expired since the plaintiff's claims accrued, the Court lacks discretion to allow plaintiff to file a late or amended notice of claim at this juncture. Where the time for filing a notice of claim without court approval has expired and no application for an extension was made prior to expiration of the statute of limitations, the

court lacks power to authorize a late filing of the notice. McKinney's General Municipal Law § 50-e, subd. 5.

## POINT IX

### PLAINTIFF'S CAUSE OF ACTION FOR
### PUNITIVE DAMAGES MUST BE DISMISSED

Plaintiff's stand-alone cause of action for punitive damages must be dismissed. New York common law does not recognize an independent cause of action for either punitive damages or conspiracy. *See* Solomon v. Siemens Indus., Inc., 8 F.Supp.3d 261, 283–84 (E.D.N.Y. 2014), *appeal dismissed* (Jan. 14, 2015); Excelsior Capital LLC v. Allen, 2012 WL 4471262, at *7 (S.D.N.Y. 2012) (observing that "[p]unitive damages are not a separate cause of action" but rather may be "available as a remedy in cases of egregious wrongdoing that is punishable as some other type of claim for relief"); Drake v. Lab. Corp. of Am. Holdings, 2007 WL 776818, at *4 (E.D.N.Y. 2007) (noting that "under New York law, allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort").

As such, plaintiff's cause of action for punitive damages must be dismissed.

## POINT X

### THE COURT SHOULD DECLINE TO
### EXERCISE SUPPLEMENTAL JURISDICTION
### OVER ANY REMAINING STATE LAW CLAIMS

It is respectfully submitted that should this Court dismiss all claims over which it possesses original jurisdiction, then it should decline to exercise supplemental jurisdiction over any state law claim asserted within plaintiff's Complaint which are not otherwise dismissed by the Court for the reasons set forth in Points I – IX above. *See e.g.* Karmel v. Claiborne, Inc., 2002 WL 1561126 (S.D.N.Y. 2002) (holding that § 1367(c)(3) specifically grants the court

discretion to decline exercising supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"). In general, absent exceptional circumstances, where federal claims can be disposed of on summary judgment grounds, courts should abstain from exercising pendent jurisdiction. Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986).

## **CONCLUSION**

For the reasons set forth herein, it is respectfully requested that the Court dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6), along with such other and further relief as to the Court may seem just and proper.

Dated:       Smithtown, New York
             November 3, 2016

                                              _____/S/_____
                                              JOSHUA S. SHTEIERMAN
                                              KELLY E. WRIGHT