UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JON RAPILLO,

           Plaintiff,

    -against-

DEPUTY SHERIFF BRYAN R. MALDANADO,
DEPUTY SHERIFF RICHARD PEDIGO, IN
THEIR INDIVIDUAL AND PROFESSIONAL
CAPACITIES.

           Defendants.
-----------------------------------------------------------X

MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS
MOTION FOR SUMMARY
JUDGMENT PURSUANT TO RULE 56

16-CV-3728

## JON RAPILLO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Dated: Brooklyn, New York
       November 27, 2017

Respectfully submitted,

Law Offices of Adam J. Roth
26 Court Street, Suite 913
Brooklyn, New York 11242

By: _____
        Adam Roth

# TABLE OF CONTENTS

Table of Authorities …………………………………………………………… 3

Preliminary Statement ………………………………………………………… 4

Legal Standard ………………………………………………………………… 4 - 5

Undisputed Facts ……………………………………………………………… 5 - 7

The National Highway Traffic Safety Administration DWI Detection   7 - 8
and Standardized Field Sobriety Testing Manual

The Defendants Are Not Entitled to Qualified Immunity for the Arrest   8 - 11

Conclusion ……………………………………………………………………… 11 - 12

# Table of Authorities

**Statutes**

42 USC §1983 — 8

**Case Law**

*Mitchell v. City of N.Y.*, 841 F.3d 72, 75 (2nd Cir. 2016) — 4, 10, 11

*Crown v. Danby Fire Dist.*, Summary Order (2nd Cir. January 24, 2017) — 4

*Tolan v. Cotton*, 134 S. Ct. 1861 (2014) — 4

*Parker v. City of Long Beach*, 2014 US App LEXIS 7346 *3 (2nd Cir.) — 5

*Zellner v. Summerlin*, 494 F.3d 344, 371 (2nd Cir. 2007) — 5

*Dickerson v. Napolitano*, 604 F.3d 732, 752 (2nd Cir. 2010) — 5, 9

*Patterson v. City of Oneida*, 375 F.3d 206, 225 (2nd Cir. 2004) — 8

*Jaegly v. Couch*, 439 F.3d 149, 151 (2nd Cir. 2006) — 8

*Jocks v. Tavernier*, 316 F.3d 128, 134-135 (2nd Cir. 2003) — 8

*Figueroa v. Mazza*, 825 F.3d 89, 100 (2nd Cir. 2016) — 9

*Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2nd Cir. 2013). — 9

*McCarthy v. Roosevelt Union Free School District*, 15-cv-1468 (Sept. 17, 2017 E.D.N.Y. J. Bianco) — 10

## Preliminary Statement

The instant case arises out of the arrest of Jon Rapillo on August 1, 2015 for boating under the influence of drugs. Mr. Rapillo, who has a bad back, repeatedly passed horizontal gaze nystagmus tests and passed his pre-breath screening test prior to being arrested. Additionally, after being arrested for boating under the influence of drugs, he voluntarily submitted to a drug screening test administered by the Suffolk County Sheriff's Department which was negative in all respects. After being released from custody, he immediately submitted to his own drug test that was also negative in all respects. Less than 5 weeks after being arrested for boating under the influence of drugs, the Suffolk County District Attorney's Office voluntarily dismissed the case. As will be demonstrated, taken in the light most favorable to the plaintiff, the named defendants arrested the plaintiff without probable cause, it was not objectively reasonable for the defendants to believe there was probable cause, and no reasonably competent officer could disagree that there was probable cause to make the arrest. Accordingly, the defendants motion for summary judgment on the issue of false arrest should be denied.

## Legal Standard

In reviewing a motion for summary judgment, the views the evidentiary record in the light most favorable to the non-moving party. *Mitchell v. City of N.Y.*, 841 F.3d 72, 75 (2nd Cir. 2016) [reversing lower court, and denying defendants' motion for summary judgment on the issue of, *inter alia,* false arrest]. The Court should construe all the evidence in the light most favorable to the non-moving party and drawing al reasonable inferences in its favor. *Crown v. Danby Fire Dist.*, Summary Order (2nd Cir. January 24, 2017) [reversing trial court finding officers were not entitled to summary judgment on the issue of qualified immunity].

In *Tolan v. Cotton*, 134 S. Ct. 1861 (2014) the Supreme Court recently emphasized the "importance of drawing inferences in favor of the nonmovant" and that "courts must take care

not to define a case's context in a manner that imports genuinely disputed factual propositions." *Id.* at 1866. It is a fundamental principle that at the summary judgment stage, all reasonable inferences should be drawn in favor of the nonmoving party. *Parker v. City of Long Beach*, 2014 US App LEXIS 7346 *3 (2nd Cir.) (Amended Summary Order). "Absent incontrovertible evidence utterly discrediting non-movants' position," *Zellner v. Summerlin*, 494 F.3d 344, 371 (2nd Cir. 2007), the court is required to view the evidence to the non-movant. Where an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2nd Cir. 2010).

### Undisputed Facts

On August 1, 2015, the plaintiff was boating with friends and family. After dropping off his children with their friends, he and his friends then planned to return to Mr. Rapillo's Sag Harbor home. While he was in Sag Harbor Cove, his boat was stopped by a joint task force that was investigating boats and boaters for safety. Refer to plaintiff's counter statement of facts filed under Local Rule 56.1 for citations to the record itself.

BM Kamal Thomas decided to stop Mr. Rapillo's boat for the purpose of a boating under the influence check. Thomas made Rapillo board Southampton's boat for the purpose of performing field sobriety tests. The first part of the field sobriety test is the common law intoxication test, which Mr. Rapillo passed. Mr. Rapillo had no alcohol on his breath, the color of his face was normal and his balance and speech were both normal.

Notwithstanding these facts which all demonstrated Mr. Rapillo was not intoxicated, BM Thomas continued to administer a battery of non-admissible field sobriety tests which, purportedly, Mr. Rapillo failed. BM Thomas and Bay Constable McManus determined that Mr. Rapillo needed to be taken to shore for futher evaluation. BM Thomas was advised by Mr.

Rapillo that he had a bad back. Mr. Rapillo's boat was left with a friend, who BM Thomas determined was sober by administering a common law intoxication test only.

Bay Constable McManus acknowledges that Mr. Rapillo had no alcohol on his breath. Furthermore that Mr. Rapillo passed the horizontal gaze nystagmus test. McManus acknowledged that Rapillo had normal balance. McManus was told by Mr. Rapillo that he had a bad back. Finally, McManus testified that her findings did not lead to Mr. Rapillo's arrest. Once she took Mr. Rapillo to shore, her duties were handed off to Deputy Sheriff Bryan Maldonado.

Deputy Sheriff Maldonado spoke with Bay Constable McManus and BM Thomas and obtained information from them about Mr. Rapillo. He then performed a field sobriety test that were those endorsed by the National Highway Committee. The horizontal gaze nystagmus test was normal and indicated that Mr. Rapillo was not on drugs.

Deputy Sheriff Maldonado, aware of the fact that Mr. Rapillo had a bad back, administered the straight leg raise test and the heel to toe walk anyway. Based only on these tests, he determined that Mr. Rapillo was impaired by drugs. At some point prior to arresting Mr. Rapillo, Maldonado called his former partner on his cell phone to perform a drug recognition evaluation. Deputy Sheriff Maldonado arrested Mr. Rapillo for boating under the influence of drugs.

Deputy Sheriff Richard Pedigo received a call on his personal cell phone from Maldonado. He spoke to Mr. Rapillo and was advised that he had a bad back prior to his arrest. Mr. Rapillo was arrested prior to Pedigo evaluating him for impairment or intoxication of drugs.

Mr. Rapillo consented to a urine drug test by the Suffolk's County Medical Examiner. The results were completely negative for drugs. Mr. Rapillo also took an independent urine test the day following his arrest that was completely negative for drugs as well. The boating under

the influence of drugs charge was dropped about a month later as a *nolle prosequi* presumably because Mr. Rapillo had provided irrefutable evidence that he was actually innocent.

### The National Highway Traffic Safety Administration DWI Detection and Standardized Field Sobriety Testing Manual

As mentioned above, Deputy Sheriff Bryan Maldonado acknowledged that he is aware of, utilized and follows the National Highway Traffic Safety Administration rules for field sobriety testing. This is important as the NHTSA manual unequivocally provides that the leg raise test and walk and turn must be performed in strict compliance with the directives issued by the NHTSA. See manual attached as Exhibit 1.

According to the NHTSA, the accuracy rate of the walk and turn independent of other testing is 68%. According the NHTSA, the accuracy rate of the one leg stand independent of other testing is 65%. However, **neither test should be performed on individuals with back problems because the have trouble with the tests.** See Exhibit 1.

Additionally, the accuracy rate of the horizontal gaze nystagmus independent of other tests is 77%. Therefore, the horizontal gaze nystagmus is the most reliable of the field sobriety tests. In the instant case, since the officers involved in the arrest were repeatedly told that Mr. Rapillo had a bad back, the walk and turn and one leg stand were not reliable tests. Therefore, taken in the light most favorable to the plaintiff, plaintiff passed the reliable field sobriety tests.

Additionally, the NHTSA also advises officers to consider the pre-screen intoxication results before making the arrest. In the instant case, the plaintiff blew a .02, well within the legal limit. Therefore, in the light most favorable to the plaintiff, he was under the legal limit for intoxication prior to the arrest being made.

Thus, in the instant case, based on NHTSA guidelines, Mr. Rapillo passed his field sobriety test and passed his pre-screen intoxication screening. Therefore, there was no evidence

that would have allowed the defendants to conclude there was probable cause to arrest Mr. Rapillo for boating under the influence of drugs. Furthermore, no reasonable police officer in the defendants' position could have found otherwise; specifically, no reasonable officer, when faced with a field sobriety test that was normal and a pre-screen intoxication test that was normal, would believe that there existed probable cause to arrest plaintiff. In fact, this was born out by the fact that the drug test administered by the Suffolk County Office of the Medical Examiner was completely negative, see Exhibit 2. Therefore, the defendants' motion for summary judgment must be denied.

### **The Defendants Are Not Entitled to Qualified Immunity for the Arrest**

Plaintiff seeks to recover primarily for false arrest. Such a claim is premised on 42 USC §1983 which prohibits "the deprivation of any rights, privileges or immunities secured by the Constitution and law by a person acting under the color of state law. Section 1983 does not create substantive rights; instead it provides a procedure to vindicate rights established elsewhere. *Patterson v. City of Oneida*, 375 F.3d 206, 225 (2nd Cir. 2004). A false arrest claim derives from the Fourth Amendment's prohibition against unreasonable searches and seizures. *Jaegly v. Couch*, 439 F.3d 149, 151 (2nd Cir. 2006). In order to prevail on false arrest claim, the plaintiff must prove genuine issues of material fact on four elements (1) defendants intended to confine him (2) plaintiff was conscious of the confinement (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *Jocks v. Tavernier*, 316 F.3d 128, 134-135 (2nd Cir. 2003). The Fourth element is the only one the defendants can rationally dispute as the defendants contend they are entitled to qualified immunity for the arrest giving rise to the instant cause of action.

Specifically, there can be no real dispute that (1) defendants intended to confine Mr. Rapillo when they arrested him; (2) that plaintiff was conscious and aware of his confinement or (3) that plaintiff did not consent to the arrest. Defendants are correct that probable cause is a complete defense to a false arrest claim. However, where an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense. *Dickerson v. Napolitano*, (*Supra*). Even where probable cause is lacking, a police officer is entitled to qualified immunity so long as arguable probable cause was present when the arrest was made; such arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether the probable cause test was met. *Figueroa v. Mazza*, 825 F.3d 89, 100 (2nd Cir. 2016) quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2nd Cir. 2013).

In the instant case, (1) it was no objectively reasonable for the defendants to believe that probable cause existed; and (2) no officer of reasonable competence could believe that the probable cause test was met. Specifically, the plaintiff passed the only field sobriety test that was not tainted by his known physical defect (bad back), he passed the pre-screen breath test, his speech was normal, his balance was normal, he had no alcohol on his breath and his eye tests were all negative for the presence of drugs in his system. In the face of such proof, taken in the light most favorable to the plaintiff, defendants have failed to show that it was objectively reasonable for defendants to believe they had probable cause to believe plaintiff was on drugs and no officer of reasonable competence could have believed the probable cause test was met. Therefore, the defendants' motion for summary judgment must be denied.

This case is like *McCarthy v. Roosevelt Union Free School District*, 15-cv-1468 (Sept. 17, 2017 E.D.N.Y. *J. Bianco*). In that case, plaintiff was arrested for allegedly threatening to harm herself after an altercation between herself and a school administrator. She sued for, *inter alia*, false arrest claiming that the officers ignored her objective signs of being calm and collected and instead credited a statement of a co-worker that she was going to harm herself. The Court specifically found, taken in the light most favorable to the plaintiff, a reasonable jury could conclude that the officers' assessment of plaintiff was objectively unreasonable, and that no officer of reasonable competence could find otherwise. Specifically, the officers ignored evidence of plaintiff being calm and decided to arrest her anyway. Thus, the defendants' motion for summary judgment was denied because there were questions of fact as to whether there was arguable probable cause to arrest plaintiff.

In the instant case, as in *McCarthy*, the defendants ignored the findings of there fellow officers that plaintiff had normal balance, no alcohol on his breath and no trouble transferring boats. Furthermore, the defendants ignored their own findings that plaintiff had a normal horizontal gaze nystagmus and a negative pre-screen breath test, instead crediting their subjective findings on the one leg stand and heel toe walk despite the fact that both defendants were advised that Mr. Rapillo had a bad back and the NHTSA manual specifically states that such a medical condition renders those tests unreliable. Therefore, a reasonable jury could conclude that the defendants' assessment of Rapillo was objectively unreasonable and no officer of reasonable competence could conclude otherwise.

In *Mitchell v. City of New York*, the Second Circuit made clear that the analysis of whether a reasonable jury could conclude a defendants' assessment of plaintiff was objectively unreasonable or whether an officer of reasonable competence could conclude there was probable

cause must be based on a review of the record in the light most favorable to the plaintiff. *Id.* at 77- 79. Specifically, in *Mitchell*, the Second Circuit noted that in the light most favorable to the plaintiff, there were questions of fact as to whether it was objectively reasonable to arrest the plaintiffs and whether an officer of reasonable competence would believe there was probable cause to arrest the plaintiff.

In the instant case, taken in the light most favorable to the plaintiff, his eyes were normal in appearance, there was no alcohol on his breath, his balance was normal, his speech was normal, his face appeared normal, he passed the field sobriety test and he passed the pre-screen breath test. Under these circumstances, a reasonable jury could conclude that the defendants did not reasonably believe plaintiff was under the influence of drugs and no officer of reasonable competence could believe that there was probable cause to believe Mr. Rapillo was on drugs.

In fact, as was proven by the drug test administered by the Suffolk County Office of Medical Examiner, Mr. Rapillo was not on drugs at the time of the arrest. Furthermore, as shown by the NHTSA manual, there was no basis for the defendants' to believe that Mr. Rapillo was on drugs at the time of his arrest. Therefore, as in *Mitchell*, the defendants motion for summary judgment must be denied.

## Conclusion

The defendants, taken in the light most favorable to plaintiff, arrested an innocent man who they had evidence was innocent at the time they arrested him. The defendants, who were social friends, communicated via personal cell phones chose to ignore objective signs of actual innocence, objective signs of sobriety in order to effectuate an arrest without probable cause. The evidence proved conclusively that Mr. Rapillo was not on any drugs at the time of the arrest. So, a reasonable jury could conclude the defendants' assessment of plaintiff was not objective

and no reasonably competent officer would have believed they had probable cause to arrest Mr. Rapillo. Therefore, defendants' motion for summary judgment must be denied.

Dated:    Brooklyn, New York
         November 27, 2017

                                                    _____
                                                           Adam Roth